N.Y.S.D. Case #
11-cr-0652(HBP)

12-313-cr
U.S. v. O'Brien



UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand thirteen.

PRESENT:   JOHN M. WALKER, JR.,
           GERARD E. LYNCH,
           SUSAN L. CARNEY,
                       *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 11, 2013

UNITED STATES OF AMERICA,

         *Appellee*,

v.                                                                  No. 12-313-cr

JOHN J. O'BRIEN,

         *Defendant-Appellant*,


FOR APPELLANT:     NICHOLAS J. PINTO, ESQ., New York, NY.

FOR APPELLEE:      STANLEY J. OKULA, JR. (Katherine Polk Failla, *on the brief*), Assistant United States Attorneys, *of Counsel*, *for* Preet Bharara, United States Attorney for the Southern District of New York.

MANDATE ISSUED ON 04/11/2013

Appeal from a judgment of the United States District Court for the Southern District of New York (Henry B. Pitman, *Magistrate J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant John J. O'Brien appeals from the district court's sentence of 28 months' imprisonment and one year of supervised release following his guilty plea to two counts of willful failure to file United States individual income tax returns and two counts of willful failure to pay personal income taxes, all pursuant to 26 U.S.C. § 7203. On appeal, O'Brien argues that his sentence was both substantively and procedurally unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a district court's sentence to ensure that it is both procedurally and substantively reasonable. United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). A district court errs procedurally by, inter alia, miscalculating the applicable sentencing guideline range, considering conduct that is irrelevant under the applicable guidelines, or giving insufficient consideration of the factors set out in 18 U.S.C. § 3553(a). See id. at 190. A district court's sentence is substantively unreasonable only if it "cannot be located within the range of permissible decisions." Id. at 189 (internal quotation marks omitted). We review the procedural and substantive reasonableness of a district court's sentence for abuse of discretion. United States v. Carter, 696 F.3d 229, 232 (2d Cir. 2012).

O'Brien argues that his sentence was procedurally unreasonable for several reasons. First, he argues that the district court miscalculated the relevant guidelines range because it considered conduct that was irrelevant under the guidelines because it was not part of the

2

common scheme or plan and because his underpaid taxes for other years not charged did not involve willful violations of 26 U.S.C. § 7203.  This argument fails because the sentencing guidelines commentary instructs district courts to consider as relevant conduct in tax cases "all conduct violating the tax laws."  U.S.S.G. § 2T1.1, Commentary, Application Note 2.

O'Brien's argument that the district court applied the incorrect guidelines range because it considered conduct for which the government had not proven willfulness fails because by O'Brien's own admissions, the total tax loss he caused exceeded the $2,500,000 threshold under the guidelines.  See U.S.S.G. §§ 2T1.1(a)(1), 2T4.1(J).  O'Brien concedes that he caused tax losses to the I.R.S. equal to $2,075,995, and he does not challenge the government's assertion that he caused $591,434 in tax losses to the New York tax authorities for the years 2003-2007.  The district court therefore did not err in calculating the relevant guidelines sentence as 37 to 46 months.

O'Brien's argument that the district court impermissibly relied on unproven allegations that his conduct might have supported a felony charge is also unavailing.  Although such a statement might have been in error, we cannot say based on the record that the district court relied on such a finding in sentencing O'Brien.  We therefore conclude that any error the district court may have made in speculating about what O'Brien might have been charged with does not require resentencing.

O'Brien also argues that the district court failed to consider the sentencing factors listed in 18 U.S.C. § 3553(a).  In fact, however, the district court properly considered the relevant mitigating factors, including the degree to which he had self-reported his violations and his mental illnesses, and balanced them against the need for uniformity in sentences and the magnitude of the tax losses to the government.

3

Finally, O'Brien argues that his sentence was substantively unreasonable when compared to other similarly-situated offenders. But the district court's sentence of 28 months' imprisonment was below the recommended guidelines range of 37 to 46 months, and thus was well within the range of sentences imposed for similar conduct. Under these circumstances, we cannot conclude that the district court abused its discretion in applying a 28-month sentence.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

*Catherine O'Hagan Wolfe* [signature]

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*Catherine O'Hagan Wolfe* [signature]