UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| -v- | |
| JOHN J. O'BRIEN, | |
| Defendant. | |

CRIMINAL ACTION NO.: 11 Cr. 652 (SLC)

**OPINION AND ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

## I.     INTRODUCTION

Before the Court is Defendant John J. O'Brien's Motion for Reconsideration of the Order of Garnishment issued September 27, 2019 (ECF No. 30) (the "Motion").  (ECF No. 32).  For the reasons stated below, the Motion is DENIED.

## II.     BACKGROUND

### A.  Factual Background

On August 4, 2011, O'Brien, formerly a corporate lawyer, plead guilty to an Information charging him with two counts of willful failure to file individual income tax returns for the years 2004 and 2006 and two counts of willful failure to pay individual income taxes due for the years 2005 and 2007.  (ECF No. 1 at 4–5).  O'Brien consented to sentencing by a Magistrate Judge (ECF No. 2), and on January 12, 2012, Magistrate Judge Henry B. Pitman, to whom the case was then assigned, sentenced O'Brien to 28 months' imprisonment and one year of supervised release, and ordered O'Brien to pay restitution in the amount of $2,866,839.00.  (ECF No. 13 at 2–4).

B. **Procedural Background**

On July 19, 2018, the Government applied for a Writ of Garnishment (the "Writ") pursuant to the Court's order of restitution in the amount of $2,866,839.00 plus interest, the balance of which was then $2,881,428.08. (ECF No. 20 at 1). The Writ sought to garnish O'Brien's interest in any assets held by his former employer, Sullivan & Cromwell LLC ("Sullivan & Cromwell"). (Id.) The same day, Judge Pitman granted the Writ, which was served on O'Brien and Sullivan & Cromwell on July 27, 2018. (ECF Nos. 21–22). On August 6, 2018, Sullivan & Cromwell filed its answer, detailing the assets it held in O'Brien's name. (ECF No. 23). As of May 31, 2018, those assets were:

1. Retirement Plan of Sullivan and Cromwell LLP in the amount of $607,675.76;

2. Sullivan & Cromwell LLP Supplemental Retirement Plan in the amount of $103,819.79;

3. Annual Benefit of $63,846.75, payable as a Single Life Annuity beginning July 1, 2028 under the Sullivan and Cromwell LLP Group Defined Benefit Plan for Partners; and

4. Annual Benefit of $17,985.00, payable as a Single Life Annuity beginning July 1, 2028 under the Sullivan & Cromwell LLP Supplemental Pension Plan for Partners.

(Id. at 5).

On September 21, 2018, O'Brien requested a hearing and wrote to "register [his] objection" to the Writ. (ECF No. 24). On October 23, 2018, O'Brien filed a motion to transfer venue from this District to the Eastern District of Pennsylvania, the district supervising his post-incarceration release. (ECF Nos. 18, 26).

On October 24, 2018, Judge Pitman held a conference with the parties and directed O'Brien to file objections to the Writ by November 15, 2018 and directed the government to respond to those objections and to O'Brien's motion to transfer venue by December 6, 2018.

(ECF No. 27).  O'Brien filed a letter dated November 14, 2018 requesting an extension of time until November 26, 2018 to file his objections.  (ECF No. 29).  Judge Pitman granted the extension of time (id.), but O'Brien did not file an objection by that date or at any later time.  In turn, the Government did not respond to the motion to transfer venue.

On September 27, 2019, nearly a year later, having received no objections to the Writ, and having received the Government's proposed order, Judge Pitman issued an Order of Garnishment directing Sullivan & Cromwell to "pay the Clerk of Court the cash surrender value of John J. O'Brien's interest in:  (1) the Retirement Plan of Sullivan & Cromwell LLP; and (2) the Sullivan & Cromwell LLC Supplemental Retirement Plan."  (ECF No. 30).  In the same order, Judge Pitman denied O'Brien's motion to transfer venue.  (Id.)

On November 3, 2019, 37 days after the Order of Garnishment was entered, O'Brien filed the Motion, seeking reconsideration of the Order of Garnishment and moving to quash the Writ.  (ECF No. 32).  On November 14, 2019, O'Brien filed a Notice of Appeal to the Second Circuit (ECF No. 37), a motion for an extension of time to file the Notice of Appeal (ECF No. 36), and a motion for leave to proceed In Forma Pauperis on appeal (ECF No. 35).  On November 18, 2019, the Clerk of this Court transmitted the Notice of Appeal and case record to the Second Circuit.

On December 13, 2019, the Government filed its opposition to the Motion (ECF No. 40), and on January 2, 2020 O'Brien filed his reply.  (ECF No. 44).

### III.   DISCUSSION

**A.  Legal Standards**

    **1.  Motions pending appeal**

Federal Rule of Appellate Procedure 3(a)(1) provides that "[a]n appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4."  Fed. R. App. P. 3(a)(1).

Federal Rule of Appellate Procedure 4 provides in relevant part that "[t]he notice of appeal [in a civil action] may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is . . . the United States."  Fed. R. App. P. 4(a)(1)(B)(i).  Rule 4 also provides that if a party files a motion for relief under Federal Rule of Civil Procedure 60 within 28 days after judgment, the time to file an appeal runs from the entry of the order disposing of the Rule 60 motion.  Fed. R. App. P. 4(a)(4)(A)(vi); 4(a)(4)(B)(i).

    **2.  Motions for reconsideration**

Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b) govern motions for reconsideration.  Local Civil Rule 6.3 specifies timing, giving the moving party fourteen days after an entry of judgment to file a motion for reconsideration.  Local Civ. R. 6.3.  Rule 60(b) provides

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

B. **Application**

As a preliminary matter, although the imposition of restitution was part of O'Brien's criminal sentencing, the Second Circuit considers proceedings concerning writs of garnishment as collateral civil proceedings because they do not "implicate the imposition of restitution." United States v. Cohan, 798 F.3d 84, 89 (2d Cir. 2015) ("[A] writ of garnishment seeks to enforce an already existing order of restitution . . . . Collecting the restitution owed is decidedly civil in nature."). In Cohan, the Second Circuit explained that the "Government may enforce restitution orders arising from criminal convictions using the practices and procedures for the enforcement of a civil judgment under federal or state law as set forth in the Federal Debt Collection Procedures Act" and that "'nothing precludes the government from initiating a collection proceeding under an existing criminal docket number in order to collect a fine or restitution ordered as part of the criminal sentence.'" Id. (quoting United States v. Kollintzas, 501 F.3d 796, 800 (7th Cir. 2007)).

Accordingly, in considering whether the Motion and the appeal are timely, the Court looks to the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure as they apply to civil, rather than criminal cases.

1. **The Motion is untimely**

The Motion is untimely because it was not filed within 28 days of the Order of Garnishment. Fed. R. App. P. 4(a)(4)(A)(vi). Judge Pitman issued the Order of Garnishment on September 27, 2019 (ECF No. 30), and 28 days thereafter was October 25, 2019. O'Brien filed the Motion on November 3, 2019 (ECF No. 32), 37 days after the Order of Garnishment, rendering it untimely. The Motion is also untimely under Local Civil Rule 6.3, which required any motion

for reconsideration to be filed within fourteen days of the Order of Garnishment, which would have been October 11, 2019.  Local Civ. R. 6.3.

Accordingly, Appellate Rule 4, allowing the time to appeal to run from the order disposing of the Motion, does not apply, and O'Brien's time to file a notice of appeal ran from September 27, 2019, the date Judge Pitman issued the Order of Garnishment.  Fed. R. App. P. 4(a)(4)(A)(vi); 4(a)(4)(B)(i).

### 2.  The appeal is timely

O'Brien's appeal to the Second Circuit is timely because it was filed within 60 days after entry of the Order of Garnishment.  Fed. R. App. P. 4(a)(1)(B)(i) (permitting appeal within 60 days of final order when a party is the United States).  Judge Pitman issued the Order of Garnishment on September 27, 2019 (ECF No. 30), and 60 days thereafter was November 26, 2019.  O'Brien filed the Notice of Appeal on November 14, 2019 (ECF No. 27), making his appeal timely under Federal Rule of Appellate Procedure 4(a)(1)(B)(i).

The filing of a notice of appeal normally divests a district court of jurisdiction over an action.  See Brantley v. Tampa Police Dep't, No. 19 Civ. 10362 (LLS), 2020 WL 4562254, at *1 (S.D.N.Y. July 31, 2020) (citing Toliver v. Cty. of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992)).  A district court does have jurisdiction to deny a post-judgment motion while an appeal is pending.  See Selletti v. Carey, 173 F.3d 104, 109 (2d Cir. 1999) ("The district court properly assumed that it had jurisdiction to deny the motion [brought under Rule 59(a) and Rule 60(b)] during the pendency of an appeal."); Toliver, 957 F.2d at 49 (stating that, when a case is on appeal a "district court can entertain and deny the rule 60(b) motion" but that, "before the district court may grant a rule 60(b) motion, [the circuit] court must first give its consent so it can remand the

case, thereby returning jurisdiction over the case to the district court."); Brantley, 2020 WL 4562254, at *1.

Therefore, the Court must deny the Motion because, as set forth above, it is untimely, and because O'Brien is litigating his appeal in the Second Circuit, which has jurisdiction over the issues raised in the Motion.  See United States v. O'Brien, No. 19-3895 (2d Cir. 2019).

## IV.   CONCLUSION

For the reasons stated above, the Motion is DENIED.  The motion for leave to proceed in forma pauperis on appeal is also DENIED as moot in light of the Second Circuit's appointment of counsel for O'Brien pursuant to the Criminal Justice Act.  See United States v. O'Brien, No. 19-3895 (2d Cir. 2019) (ECF No. 15).

The Clerk of Court is respectfully directed to close the motions at ECF Nos. 26, 32, 35, and 36.

Dated:     New York, New York
           August 19, 2020

SARAH L. CAVE
United States Magistrate Judge