UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

JOHN J. O'BRIEN,

                Defendant.

CRIMINAL ACTION NO.: 11 Cr. 652 (SLC)

**OPINION AND ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Before the Court is what appears to be the motion of pro se Defendant John O'Brien ("O'Brien") to vacate the September 27, 2019 order of garnishment (the "Order of Garnishment" (ECF No. 30)) entered against him by the Honorable Henry B. Pitman. (ECF No. 48 (the "Motion"). Although the United States Court of Appeals for the Second Circuit has since affirmed the Order of Garnishment, O'Brien now argues that Judge Pitman lacked jurisdiction to issue the Order of Garnishment. (Id.) For the reasons set forth below, O'Brien's Motion is DENIED.

## II. BACKGROUND

The parties are undoubtedly familiar with the underlying facts of this case, which are set out in this Court's opinion and order denying O'Brien's motion for reconsideration of the Order of Garnishment. See United States v. O'Brien, No. 11 Cr. 652 (SLC), 2020 WL 5536593 (S.D.N.Y. Aug. 19, 2020) ("O'Brien I"), and the Second Circuit's decision affirming the Order of Garnishment. See United States v. O'Brien, 851 F. App'x 236 (2d Cir. 2021) ("O'Brien II"). The Court will summarize the facts necessary to resolve the Motion.

On August 4, 2011, O'Brien, formerly a corporate lawyer, plead guilty to an Information charging him with two misdemeanor counts of willful failure to file individual income tax returns for the years 2004 and 2006 and two counts of willful failure to pay individual income taxes due for the years 2005 and 2007. (ECF No. 1; ECF minute entry Aug. 4, 2011). O'Brien consented to have his misdemeanor case proceed before a Magistrate Judge, as evidenced by his execution of a consent form that stated:

> CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE IN A MISDEMEANOR CASE
>
> A United States magistrate judge has explained to me the nature of the charges against me and the maximum penalty that may be imposed on each charge if I am found guilty. The magistrate judge has also informed me of my right to a lawyer, my right to a jury trial, and my right to be tried, judged, and sentenced before either a United States district judge or a United States magistrate judge.
>
> I consent to being tried before a United States magistrate judge, and I waive my rights to trial, judgment, and sentencing by a United States district judge.

(ECF Nos. 2; 56 at 3). On January 12, 2012, Judge Pitman entered a judgment that sentenced O'Brien to 28 months' imprisonment and one year of supervised release, and ordered him to pay restitution in the amount of $2,866,839.00. (ECF No. 13 at 2–4 (the "Judgment")). O'Brien appealed, and the Second Circuit affirmed the Judgment. (ECF Nos. 14; 17 (the "First Appeal")).

On July 19, 2018, the Government applied for a Writ of Garnishment (the "Application") seeking to garnish O'Brien's interest in assets held by his former employer, Sullivan & Cromwell LLP ("S&C"), in order to collect the outstanding amount of restitution—at the time $2,881,428.08—O'Brien had failed to pay under the Judgment. (ECF No. 20 at 1–2). The same day, Judge Pitman granted the Application and issued a Writ of Garnishment (the "Writ"), which was served on O'Brien and S&C on July 27, 2018. (ECF Nos. 21–22). On August 6, 2018, S&C filed

its answer to the Writ, detailing the assets it held in O'Brien's name (the "Assets").  (ECF No. 23). As of May 31, 2018, the Assets were:

1. S&C Retirement Plan in the amount of $607,675.76;

2. S&C Supplemental Retirement Plan in the amount of $103,819.79;

3. Annual Benefit of $63,846.75, payable as a Single Life Annuity beginning July 1, 2028 under the S&C Group Defined Benefit Plan for Partners; and

4. Annual Benefit of $17,985.00, payable as a Single Life Annuity beginning July 1, 2028 under the S&C Supplemental Pension Plan for Partners.

(Id. at 5).

On September 21, 2018, O'Brien wrote to Judge Pitman to request a hearing, "register [his] objection" to the Writ, and assert the need for discovery from S&C and pre-hearing briefing. (ECF No. 24 at 1–2).  On October 23, 2018, O'Brien filed a motion to transfer venue to the Eastern District of Pennsylvania, the district supervising his post-incarceration release.  (ECF Nos. 18; 26).

On October 24, 2018, Judge Pitman held a conference, following which he directed O'Brien to file any objections to the Writ by November 15, 2018 and directed the Government to respond to those objections and to O'Brien's motion to transfer venue by December 6, 2018. (ECF No. 27).  Although O'Brien requested, and Judge Pitman granted, an extension until November 26, 2018 to file his objections, he did not file any objections.  (ECF No. 29).  The Government did not respond to the motion to transfer venue.

On September 27, 2019, nearly a year later, O'Brien not having filed any objections to the Writ, Judge Pitman issued the Order of Garnishment, which directed S&C to "pay the Clerk of the Court the cash surrender value of John J. O'Brien's interest in:  (1) the Retirement Plan of Sullivan & Cromwell LLP; and (2) the Sullivan & Cromwell LLP Supplemental Retirement Plan."  (ECF No. 30

3

at 2). In the Order of Garnishment, Judge Pitman also denied O'Brien's motion to transfer venue. (Id.) On November 14, 2019, O'Brien filed a notice of appeal as to the Order of Garnishment (ECF No. 37 (the "Second Appeal")).

Separately, on November 3, 2019, 37 days after Judge Pitman entered the Order of Garnishment—and almost a full year after the deadline for him to file any objections—O'Brien filed a motion for reconsideration of the Order of Garnishment. (ECF No. 32 (the "Motion for Reconsideration")). In the Motion for Reconsideration, O'Brien asked the Court to consider his "objections" to the Writ and to quash the Writ altogether. (ECF No. 32 at 1).[1]

On August 19, 2020, the Court issued O'Brien I, denying the Motion for Reconsideration on two grounds. 2020 WL 5536593. First, the Court held that the Motion for Reconsideration was untimely under Fed. R. App. P. 4(a)(4)(A)(vi) and Local Civil Rule 6.3. Id. at *3. Second, the Court held that O'Brien's timely filing of the Second Appeal divested the Court of jurisdiction over the issues in the Motion for Reconsideration, over which only the Second Circuit had jurisdiction. Id. On October 17, 2020, O'Brien filed a notice of appeal as to O'Brien I. (ECF No. 46 (the "Third Appeal")). On November 30, 2020, the Second Circuit so-ordered the parties' stipulation withdrawing the Third Appeal. (ECF No. 47). On July 6, 2021, following O'Brien's timely request, the Second Circuit reinstated the Third Appeal. (ECF No. 58).

On March 19, 2021, the Second Circuit issued its decision in O'Brien II, affirming the Order of Garnishment in all respects. 851 F. App'x 236. In the Second Appeal, O'Brien did not argue that Judge Pitman lacked jurisdiction to issue the Order of Garnishment—to the contrary, he

---

[1] The objections included the lack of proper notice of the Writ to the death beneficiaries of his retirement properties, the lack of statutory authority to order restitution, the absence of a legal basis for restitution in his plea agreement, and the impropriety of ordering a lump-sum garnishment. (ECF No. 32-1).

4

acknowledged that "the district court had jurisdiction over the subject matter below." (ECF No. 52 at 10 (quoting Brief for Defendant-Appellant at 8, United States v. O'Brien, No. 19-3895 (2d Cir. May 1, 2020), ECF No. 36, 2020 WL 2425743, at *1)). As the Second Circuit noted, O'Brien's "<u>only</u> substantive challenge to the" Order of Garnishment was "his argument that the [Order of Garnishment] was improper because the existence of an installment payment plan in the [Judgment] precluded the government from seeking a lump sum garnishment." O'Brien II, 851 F. App'x at 240 (emphasis added). The Second Circuit held that "the payment plan in the [Judgment] presented no legal barrier to the issuance of the" Order of Garnishment "and provides no basis to disturb the district court's issuance of such an order." Id. at 241.[2] On May 10, 2021, the Second Circuit issued the mandate in the Second Appeal. (ECF No. 57).

On March 3, 2021—before O'Brien II—O'Brien filed the Motion. (ECF No. 48). At the Court's direction (ECF No. 49), the Government filed its Opposition on April 7, 2021 (ECF No. 52), and with the Court's permission (ECF No. 55), O'Brien filed a Reply on April 20, 2021. (ECF No. 56).

### III. DISCUSSION

**A. Legal Standards**

**1. Magistrate Judge jurisdiction**

Federal law grants Magistrate Judges jurisdiction over misdemeanor proceedings, as follows:

> (a) When specially designated to exercise such jurisdiction by the district court or courts he serves, any United States magistrate judge shall have jurisdiction to try

---

[2] The Second Circuit noted that O'Brien's Motion for Reconsideration had been denied. O'Brien II, 851 F. App'x at 238 n.2.

> persons accused of, and sentence persons convicted of, misdemeanors committed within that judicial district.
>
> (b) Any person charged with a misdemeanor, other than a petty offense may elect, however, to be tried before a district judge for the district in which the offense was committed. The magistrate judge shall carefully explain to the defendant that he has a right to trial, judgment, and sentencing by a district judge and that he may have a right to trial by jury before a district judge or magistrate judge. The magistrate judge may not proceed to try the case unless the defendant, after such explanation, expressly consents to be tried before the magistrate judge and expressly and specifically waives trial, judgment, and sentencing by a district judge. Any such consent and waiver shall be made in writing or orally on the record.

18 U.S.C. § 3401. In this District, Local Criminal Rule 59.1 provides that "Full-time Magistrate Judges are hereby specially designated to exercise the jurisdiction set forth in 18 U.S.C. § 3401," and that "Local Civil Rule. 72.1, *Powers of Magistrate Judges*, also applies in criminal proceedings." Local Cr. R. 59.1(a), (c). Local Civil Rule 72.1 provides that, "[i]n addition to other powers of Magistrate Judges: (a) Full-time Magistrate Judges are hereby specially designated to exercise the jurisdiction set forth in 28 U.S.C. § 636(c)." Local Civ. R. 72.1(a). Section 636(c) provides:

> Upon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

28 U.S.C. § 636(c)(1). Also relevant here is 28 U.S.C. § 636(a)(5), which grants Magistrate Judges "the power to enter a sentence for a class A misdemeanor in a case in which the parties have consented." 28 U.S.C. § 636(a)(5).

Where both parties consent to final disposition by a Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), the Magistrate Judge's jurisdiction is plenary, and his or her orders are final. See Hunnicut v. Mangiafico, 20 F. App'x 57, 58–59 (2d Cir. 2009) (noting that, where both parties

6

consent, "the magistrate judge is given plenary jurisdiction by the district court pursuant to 28 U.S.C. § 636(c)(1); LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995) (noting that parties may consent under 28 U.S.C. § 636(c)(1) to magistrate judge jurisdiction to issue final, "binding decision"); Cook v. Donnelly, No. 02 Civ. 6073 (VEB), 2009 WL 10198586, at *2 (W.D.N.Y. Apr. 29, 2009) (noting that both parties "consented to final disposition of this matter by a magistrate judge pursuant to 28 U.S.C. § 636(c)(1)").

The Second Circuit has held "that the lack of consent is a jurisdictional defect that cannot be waived." Yeldon v. Fisher, 710 F.3d 452, 453 (2d Cir. 2013). While 28 U.S.C. § 636(c)(3) permits a direct appeal from a Magistrate Judge's final judgment, if "the Magistrate Judge lacked authority to enter judgment," then the Second Circuit "do[es] not have jurisdiction to review that judgment." Id. at 453–54 (citing Anderson v. Woodcreek Venture Ltd., 351 F.3d 911, 913–14 (9th Cir. 2003) ("Our appellate jurisdiction . . . depends on the magistrate judge's lawful exercise of jurisdiction, which in turn depends on . . . the voluntary consent of the parties to the entry of judgment by a magistrate judge.") (internal citations omitted)).

2. **Restitution and garnishment**

"The Mandatory Victims Restitution Act ('MVRA') makes restitution mandatory for certain crimes," and "[t]he imposition of restitution is part of a defendant's criminal prosecution." United States v. Cohan, 798 F.3d 84, 89 (2d Cir. 2015); Lyndonville Sav. Bank & Tr. Co. v. Lussier, 211 F.3d 697, 702 (2d Cir. 2000) ("Congress intended to make restitution an element of the criminal sentencing process and not an independent action civil in nature.") (citation omitted). "[A] writ of garnishment seeks to enforce an already existing order of restitution." Cohan, 798 F.3d at 89. The Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001–33308 ("FDCPA")

provides the mechanism for the Government to enforce restitution orders. Id. ("FDCPA 'provides the exclusive civil procedures for the United States to . . . recover a judgment on a debt.'") (quoting 28 U.S.C. § 3001(a)(1))). The "FDCPA explicitly authorizes the [G]overnment to garnish property 'in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor.'" Id. (quoting 28 U.S.C. § 3205(a)).

The Second Circuit has explained that "district courts may entertain civil garnishment and other collection proceedings as postjudgment remedies within an underlying criminal case; nothing precludes the [G]overnment from initiating a collection proceeding under an existing criminal docket number in order to collect a fine or restitution ordered as part of the criminal sentence." Cohan, 798 F.3d at 89 (quoting United States v. Kollintzas, 501 F.3d 796, 800 (7th Cir. 2007)). "[T]he [G]overnment is free to pursue the civil remedy of garnishment under an existing criminal docket number without transforming the proceeding into a criminal matter." Id.

B. **Application**

1. **O'Brien's arguments**

O'Brien argues that because the Consent Form he executed did not "mention [] any post-trial, post-sentencing or collateral proceedings," he did not consent to Judge Pitman's jurisdiction over the garnishment proceeding, or to my jurisdiction over the Motion for Reconsideration, such that both the Garnishment and O'Brien I should have proceeded, but did not proceed, by way of a report and recommendation to a District Judge. (ECF No. 48 at 3–4; 56 at 7–8). His concern appears to be that the Second Circuit would decline to exercise appellate jurisdiction over the Second Appeal and the Third Appeal because the Order of Garnishment and O'Brien I were

8

"arguably not final decisions." (ECF No. 48 at 6).  After contending that he did not consent to Magistrate Judge jurisdiction, he pivots to argue that "this Court continues to have jurisdiction over the garnishment proceeding," and asks the Court to "take appropriate action to bring finality to the garnishment proceeding and, potentially, to render the appeals moot."  (Id.)

On Reply, O'Brien continues to contend that "the garnishment proceeding does constitute a separate and distinct civil action," because, inter alia, it involves the third-party garnishees, has "distinct venue and hearing requirements," and "culminates . . . in an order of garnishment, which is generally (and separately) final and appealable."  (ECF No. 56 at 4).  For the proposition that the garnishment proceeding was "a separate and distinct civil action," (id.), he also relies heavily on the Second Circuit's statement in Cohan that a garnishment proceeding "is not part of [a] defendant's criminal sentencing because it does not implicate the imposition of restitution."  798 F.3d at 89.

### 2. The Government's arguments

The Government argues that Judge Pitman's issuance of the Order of Garnishment "was a proper exercise of [his] jurisdiction and permissible under the relevant statutes, criminal and civil rules, and case law" because it was "collateral" to the Judgment and "not a wholly separate matter."  (ECF No. 52 at 8).  The Government cites 18 U.S.C. § 3613(a) and (f), which grant the Government the authority to enforce a restitution order using the same mechanism as a civil judgment, i.e., the FDCPA.  (Id.)  Because O'Brien expressly and voluntarily consented to Magistrate Judge jurisdiction over his misdemeanor charges, and the Court's Local Rules recognize that a criminal case may include civil matters such as garnishment, the Government contends that "O'Brien's express consent to proceed before a Magistrate Judge covered not only

the underlying misdemeanor criminal proceedings but included collateral civil proceedings as well. (Id. at 9–10 (citing Local Cr. R. 59.1)). The Government also rejects O'Brien's argument that he did not consent to Magistrate Judge jurisdiction over the Writ, not only because it was not a separate proceeding, but also because O'Brien's conduct "strongly implied" his consent to Judge Pitman's jurisdiction over the Writ. (Id. at 11–12).

### 3. The Court had jurisdiction to enter the Order of Garnishment.

The Court finds that Judge Pitman had jurisdiction to enter the Order of Garnishment for four reasons. First, the garnishment proceeding was a "postjudgment remed[y] within an underlying criminal case[.]" Cohan, 798 F.3d at 89 (quoting Kollintzas, 501 F.3d at 800). O'Brien also does not dispute—nor could he—that he consented to Magistrate Judge jurisdiction over his misdemeanor charges, and that Judge Pitman had jurisdiction to enter the Judgment, which included the amount of restitution. See Malcolm v. Honeoye Falls-Lima Educ. Ass'n, 684 F. App'x 87, 89 (2d Cir. 2017) (holding that undisputed, valid consent precluded any challenge to magistrate judge jurisdiction). When O'Brien failed to pay the restitution that Judge Pitman required in the Judgment, "nothing preclude[d] the [G]overnment from initiating a collection proceeding under an existing criminal docket number in order to collect a fine or restitution ordered as part of the criminal sentence." Cohan, 798 F.3d at 89 (quoting Kollintzas, 501 F.3d at 800). Judge Pitman, to whose jurisdiction O'Brien had already consented, was not required to seek consent a second time to enforce the Judgment already entered earlier in the same case.

Second, in Cohan, the Second Circuit did not address the scope of Magistrate Judge jurisdiction over subsequent garnishment proceedings in a misdemeanor criminal case. Rather, the court was presented with the question whether a criminal defendant had a Sixth Amendment

10

right to counsel at a hearing on a writ of garnishment. 798 F.3d at 89–90. Thus, the Second Circuit stated that, while the garnishment hearing was "not part of [a] defendant's criminal sentencing because it does not implicate the imposition of restitution," and therefore no right to counsel attached, the garnishment hearing still amounted to a "postjudgment remed[y] within an underlying criminal case." Id. at 89 (emphasis added). Accordingly, nothing in Cohan required Judge Pitman to obtain O'Brien's renewed consent to Magistrate Judge jurisdiction for the garnishment proceeding.

Third, O'Brien's consent to Magistrate Judge jurisdiction over the garnishment proceeding may not have been necessary in the first instance because the parties to the garnishment were the Government and S&C, not O'Brien. Cf. United States v. Montgomery, No. CV-03-1853-PHX-LOA, 2008 WL 659804, at *1 (D. Ariz. Mar. 6, 2008) (holding that, because [G]overnment "expressly consented in writing to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1)," magistrate judge had jurisdiction to enter writ of garnishment against third party even though defendant himself did not consent) (citing United States v. Real Property, 125 F.3d 1312, 1316 (9th Cir. 1998) (holding that, where government consented in in rem civil forfeiture action, magistrate judge had jurisdiction to enter final judgment over defaulted person who was not a "party" to the litigation) and Giove v. Stanko, 882 F.2d 1316, 1318 (8th Cir. 1989) (holding that judgment debtor who did not intervene in garnishment proceeding was not a "party" whose consent was required for magistrate judge jurisdiction).

Finally, even if his consent was necessary, O'Brien did in fact consent to Magistrate Judge jurisdiction over the garnishment proceeding. As he admitted in his Second Circuit brief in the Second Appeal—in which he was challenging the Order of Garnishment—the "district court had

11

jurisdiction over the subject matter of the proceeding below." (ECF No. 52 at 10 (quoting Brief for Defendant-Appellant at 8, United States v. O'Brien, No. 19-3895 (2d Cir. May 1, 2020), ECF No. 36, 2020 WL 2425743, at *1)). That admission is consistent with his conduct throughout the garnishment proceeding, during which he asked Judge Pitman directly to consider his objections to the Writ, permit briefing and discovery of S&C, and hold a hearing before entering the Order of Garnishment (ECF No. 24 at 1–2), all of which evidence his consent to Magistrate Judge jurisdiction over the garnishment proceeding. See Wellness Int'l Network, Ltd. v. Sharif, 575 U.S. 665, 684–85 (2015) (affirming that consent to non-Article III jurisdiction may be implied); Roell v. Withrow, 538 U.S. 580, 584 (2003) (finding that parties' "voluntar[y] participat[ion] in the entire course of proceedings before the Magistrate Judge" without objection to her jurisdiction manifested their consent). Indeed, he even states now that "this Court continues to have jurisdiction over the garnishment proceeding in his case . . . ." (ECF No. 48 at 6). O'Brien's conduct throughout the proceedings before Judge Pitman, and now before me, demonstrate not only his consent to Magistrate Judge jurisdiction, but also that his eleventh-hour jurisdictional challenge is just another attempt to avoid his restitution obligations.[3] As one District Judge in this District recently stated in a similar context against a different defendant, "[i]t's time to pay the piper." United States v. Donziger, No. 19 Cr. 561 (LAP), No. 11 Civ. 691 (LAK), 2021 WL 3141893, at *86 (S.D.N.Y. July 26, 2021).

---

[3] It is also an attempt that is largely, if not entirely, moot, now that the Second Circuit has affirmed the Order of Garnishment in O'Brien II.

## IV. CONCLUSION

For the reasons set forth above, the Motion is DENIED. The Clerk of the Court is respectfully directed to close ECF No. 48.

Dated:    New York, New York
          August 10, 2021

SO ORDERED.

SARAH L. CAVE
United States Magistrate Judge
